MAICHO FORTUNATO v. THOMAS PATTEN, Appellant, Impleaded with THE TWELFTH WARD BANK of the City of New York, Respondent, and THE MAYOR, etc., OF THE CITY OF NEW YORK et al.

147   277
162   552
147   277
169   ¹323

1. MUNICIPAL CONTRACT — PROVISION AGAINST ASSIGNMENTS. A provision, in a New York city street-grading contract, to the effect that the contractor shall not assign the contract, nor any of the moneys payable thereunder, without the consent of the city, signified in writing by the commissioner of public works indorsed on the agreement, and that in the absence of such consent no right under the contract, nor to any moneys to grow due by its terms, shall be asserted against the city, is not available to a junior assignee of moneys due and to grow due under the contract, to attack the right of priority of a senior assignee of such moneys, who has failed to procure the consent of the city to his assignment, when the city has paid into court for distribution the moneys payable under the contract, and no claim is made against the city. *So held,* where no absolute assignment had been made of the contract, but all the transfers made by the contractor were of moneys due under the contract as collateral to secure the payment of a debt. (*Burck* v. *Taylor*, 152 U. S. 634, distinguished.)

2. CONTRACT — ASSIGNMENT ABSOLUTE IN FORM — COLLATERAL SECURITY — NOTICE. When an assignment, in form an absolute assignment of all the contractor's rights and interest under such a city contract, is in fact made as collateral security for a debt, the assignee, in the distribution of the fund payable under the contract and where no claim is made against the city, comes within the rule that, as between different assignees of a chose in action by express agreement from the same person, the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor.

3. WAIVER. Rights acquired under an assignment, as collateral security for a loan, of moneys due under a contract, are not waived by taking a second assignment and releasing a portion of the moneys payable under the contract, when the second assignment is merely by way of additional collateral to secure the payment of a balance due on the original loan and the release refers only to the second assignment.

*Fortunato* v. *Patten* (5 Misc. Rep. 234), reversed.

(Argued October 11, 1895; decided October 22, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered October 9, 1893, which affirmed a judgment entered

upon the report of a referee determining the order of payment to various creditors out of a fund paid into court, by the city of New York.

The facts, so far as material, are stated in the opinion.

*Robert E. Deyo* for appellant. The failure to secure the consent of the commissioner of public works to Patten's first assignment did not render that assignment void. (*Grigg* v. *Landis*, 21 N. J. Eq. 494; *Kneetle* v. *Newcomb*, 22 N. Y. 249; *In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Bush* v. *Lathrop*, 22 N. Y. 535; *C. A. Co.* v. *Alling*, 46 Hun, 582.) Patten's first assignment being prior in point of time to that of the bank, is entitled to precedence, although he gave no notice thereof to the city. (*Fairbanks* v. *Sargent*, 104 N. Y. 108; 117 N. Y. 320; *Bush* v. *Lathrop*, 22 N. Y. 535; *Muir* v. *Schenck*, 3 Hill, 228; *Williams* v. *Ingersoll*, 89 N. Y. 508; Beach on Eq. Juris. §§ 343, 344; 2 Pom. Eq. Juris. § 695.) Patten's first assignment is not invalidated because he took a second assignment. (*York* v. *Conde*, 61 Hun, 26.)

*Charles E. Patterson* for respondent. The record does not sufficiently set forth the facts proven and found, nor the proceedings in the case, to enable the court to say that the judgment below is erroneous. (*Gardinier* v. *Schwab*, 110 N. Y. 650; *Murray* v. *Marshall*, 94 N. Y. 611; *Kellogg* v. *Thompson*, 66 N. Y. 88; *R. L. Co.* v. *S. & P. P. Co.*, 135 N. Y. 209.) The so-called assignment from Dawson to Patten of April 11, 1887, was absolutely void. (*Burck* v. *Taylor*, 152 U. S. 634; *Homer* v. *Wood*, 23 N. Y. 350; *Grigg* v. *Landis*, 4 C. E. Green, 350; *In re N. Y., L. & W. R. Co.*, 98 N. Y. 447; *A. V. S. Co.* v. *B. M. Co.*, 127 U. S. 379; *D. County* v. *D. S. & L. Co.*, 133 U. S. 473, 488.) The maxim of *modus et conventio vincunt legem* is invoked by respondent. (*U. P. R. Co.* v. *D. C. Bank*, 60 N. W. Rep. 886.) If the assignment to the appellant was valid, still he would not be entitled to priority over the bank's assignment, for he is estopped from asserting any claim under his so-called assignment

of April 11, 1887, as against an innocent third party. (*McNeil* v. *T. N. Bank*, 46 N. Y. 325; *Moore* v. *M. N. Bank*, 55 N. Y. 41; *Weigh* v. *Boylan*, 85 N. Y. 394, 401; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 199; Addison on Contracts, § 1272; *Mangels* v. *Dixon*, McN. & G. 437; *Bayley* v. *Greenleaf*, 7 Wheat. 46; *Murray* v. *Lylburn*, 2 Johns. Ch. 442; *Judson* v. *Corcoran*, 17 How. [U. S.] 612; *In re Gillespie*, 15 Fed. Rep. 734; *Bishop* v. *Garcia*, 14 Abb. [N. S.] 69; *Greenleaf* v. *Stenton*, 6 Wkly. Dig. 33; *Trustees, etc.*, v. *Wheeler*, 61 N. Y. 111; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 80; *Finch* v. *Barker*, 49 N. Y. 1; *Fairbanks* v. *Sargent*, 117 N. Y. 320; *Bush* v. *Lathrop*, 22 N. Y. 248.) If, as the appellant claimed below, his assignment was intended to be but a partial assignment, then it could not be operative without the consent of the other contracting party. (*Mandeville* v. *Welch*, 5 Wheat. 277; *Gibson* v. *Cooke*, 20 Pick. 15.) Between different assignees of the same chose in action, the one prior in time is not always entitled to precedence. (*Bush* v. *Lathrop*, 22 N. Y. 535; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Fairbanks* v. *Sargent*, 104 N. Y. 108; 117 N. Y. 320; Add. on Cont. § 1272; *Spain* v. *Hamilton*, 1 Wall. 604–623; *N. Bank* v. *Texas*, 20 Wall. 72–89; *L. Bank* v. *Schuler*, 120 U. S. 511; *In re Gillespie*, 15 Fed. Rep. 734; *Jackson* v. *Henry*, 10 Johns. 185; *Jackson* v. *Van Valkenburgh*, 8 Cow. 260; *Barnett* v. *Briggs*, 6 Paige, 323; *Fort* v. *Birch*, 5 Den. 187; 104 N. Y. 124; 117 N. Y. 327; *Yorke* v. *Conde*, 61 Hun, 26.)

Bartlett, J.   This is an appeal from a judgment of the General Term of the Court of Common Pleas for the city and county of New York affirming a judgment entered upon the report of a referee determining the order of payment to various creditors out of a fund paid into court by the city of New York.

John F. Dawson, in October, 1886, entered into a contract with the city to regulate and grade Edgecomb avenue and other streets.

Prior to April 11, 1887, the appellant Patten loaned to Dawson six thousand dollars, and the latter on that day assigned to Patten all his rights and interest under the contract. The referee found that this absolute assignment in form was made as security for a debt, being the balance due of five thousand dollars on the loan made by Patten to Dawson. Under the familiar rule that the form of words used in making an agreement is not alone to receive attention, but all the circumstances of the transaction are to be considered (*Williams* v. *Ingersoll*, 89 N. Y. 521), Patten stands as an assignee of a portion of the moneys due under the contract. It is also found that Dawson entered upon the performance of the contract and thereafter entirely completed the same, and the work was accepted by the city on the 28th of January, 1891.

In December, 1887, Dawson assigned to the Twelfth Ward Bank all moneys due and to grow due under the contract as collateral security for the payment of moneys advanced and to be advanced by the bank to Dawson.

On the 1st day of March, 1889, Dawson made a second assignment of five thousand dollars of the first money to grow due on the contract as collateral security for the payment of that amount, which was the balance then due on the original loan made to Dawson by Patten.

It is provided by the contract in substance that the contractor shall not assign the contract, or any of the moneys payable thereunder, without the consent of the city, signified in writing by the commissioner of public works indorsed on the agreement; that in the absence of such consent no right under the contract, nor to any moneys to grow due by its terms, should be asserted against the city of New York.

The city was not asked to consent to the first assignment to Patten, but it did consent to the assignment to the Twelfth Ward Bank and the second assignment to Patten.

Upon the completion of the contract the city owed Dawson a balance of a little over fifty-seven thousand dollars. In February, 1890, the plaintiff began this action to foreclose a

mechanic's lien filed against the money so due, and all persons interested in the fund were made parties.

The issues were tried before a referee, who rendered judgment as between Patten and the bank that the assignment of the latter was entitled to priority for the reason that Patten's assignment was not consented to by the city, and also because the bank had no notice of Patten's assignment. As this judgment has been affirmed by the General Term, and it appears that if the bank is paid in full Patten will receive nothing, it becomes of importance to inquire whether the judgment can be sustained.

The provision of the contract adverted to has been treated by the court below as rendering void all assignments of moneys to grow due unless the consent of the city was obtained, and as available by any assignee to defeat the rights of a senior assignee who had failed to secure the necessary consent.

We do not think that this provision is capable of any such construction; it was inserted in the contract solely for the benefit of the city, and prevents any claim being asserted against it in the absence of consent; it is a shield to protect the city, and not a weapon with which a junior assignee is to fight his way to a more favorable position in the line of payment.

The General Term held that this case is governed by the maxim *modus et conventio vincunt legem.*

The late Judge ALLEN of this court liberally translated the maxim as follows: "The terms and conditions of a contract have the force of law over those who are parties to it." (*Lowry* v. *Inman*, 46 N. Y. 129.)

As between Dawson and the city the covenant we are considering does have the force of law, for the reason they are parties to the contract and come within the express terms of the maxim quoted, but the bank is not a party and cannot invoke this provision of the agreement to defeat the claim of Patten.

The city has paid into court the money due under the contract and will be protected by any judgment rendered; no

claim is being asserted against it, and the covenant does not apply to the situation now presented.

It was strenuously urged on the argument by the counsel for the bank that the disposition of this case by the court below is justified by *Burck* v. *Taylor* (152 U. S. 634). It is sufficient to point out that the case cited dealt with a contract made by an individual with the state of Texas, which contained an absolute, unqualified covenant that it should not be assigned in whole or in part without the written consent of the state.

In the case at bar the substance of the covenant is that if the contract or any of the moneys due under it are assigned without consent no claim can be asserted by virtue thereof as against the city.

In the case at bar no absolute assignment has been made of the contract, but all transfers were of moneys due thereunder as collateral to secure the payment of a debt.

There is a wide difference between assigning moneys due, under a contract and an absolute assignment of the contract itself, as the latter act disturbs that relation of personal confidence which exists between one desiring work done that requires a high order of skill and intelligence and the contractor he may have selected as possessing these necessary qualifications. (*Delaware County* v. *Diebold Safe & Lock Co.*, 133 U. S. 479.)

For these reasons, we think, the case of *Burck* v. *Taylor* has no application to the case before us.

It is further argued on behalf of the bank that, even if Patten's assignment is valid, he is estopped from urging his claim as against the bank, as he allowed Dawson to continue in the performance of the contract and that the bank was misled by his apparent ownership.

We have already referred to the finding that Patten's first assignment, while absolute in terms, was intended and treated as a collateral security, and that Dawson's relations with the city were not disturbed. It cannot now be claimed, in the face of the proofs and the findings, that Patten was the owner of this contract between Dawson and the city by absolute

assignment; he stands in the position of an assignee who is entitled to receive as collateral security moneys due under the contract.

Furthermore, there is nothing in the evidence to justify the claim that the bank was misled; no proof was offered that Patten knew of the provision of the contract requiring the consent of the city, or that he knew the bank was advancing money to Dawson or held his assignment, or that he attempted to conceal his first assignment.

The bank cannot claim to have been misled, unless it is the fact that Patten was legally bound to have notified it and the city of his first assignment.

We have already pointed out that he rested under no obligation to notify the city unless he sought to assert some claim against it; in that event he would have been compelled to obtain the consent required by the contract.

Patten, as matter of fact, makes no claim as against the city and stands in no different position than any other assignee of a share of the fund which is sought to be distributed in this action; this being so, he comes within the rule laid down by this court to the effect that, as between different assignees. of a chose in action by express assignment from the same person, the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor. (*Fairbanks* v. *Sargent*, 104 N. Y. 108; *S. C.*, 117 N. Y. 320; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Muir* v. *Schenck*, 3 Hill, 228.)

A different rule exists in England, in some of the states, and in the United States courts. The respondent's counsel has cited many of these foreign cases that are contrary to the law as long established in this state.

It is also urged by the bank that Patten waived all rights under his first assignment by taking a second assignment and releasing all but thirty per cent of the moneys payable by the terms of the contract.

The second assignment was by way of additional collateral to secure the payment of a balance due on the original loan,

and did not in any way affect the first assignment, and the release referred only to the second assignment.

The learned counsel for the bank has submitted upon his brief other legal propositions, which have been carefully considered, but the views we have already expressed render a further discussion of the case unnecessary.

The judgment entered upon the report of the referee and the judgment of the General Term should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.