(46 App. Div. 579.)

McKAY et al. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—LIENS—STATUTES—REPEAL.
    Laws 1897, c. 418, § 5, giving persons furnishing materials for contractors for public municipal improvements a lien therefor on the money of the corporation applicable to the payment of the contractor, did not repeal New York Consolidation Act 1882, §§ 1824–1838, authorizing liens for materials furnished public contractors in New York City, since there is no

expressed intention for such repeal, and a general law will not be presumed to repeal a prior local act.

2. SAME—CONTRACTS—ASSIGNMENT.

A provision, in a contract for a municipal improvement, that the contractor will not permit any liens to remain on the property, was for the benefit of the corporation merely, and hence did not prevent an assignment of the contractor's claim against the city, nor affect the question of priority of such assignment over liens subsequently filed.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Actions by Thomas McKay, Catharine Casey, Joseph W. O'Brien and another, and the Mechanics' & Traders' Bank against the city of New York and the Eleventh Ward Bank and others. Judgments in favor of plaintiffs. The bank appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

G. S. P. Stillman, for appellant.

L. Laflin Kellogg, for respondent McKay.

Edgar J. Phillips, for respondents McGarry and Mechanics' & Traders' Bank of Brooklyn.

L. E. Warren, for respondent Reading Hardware Co.

George C. Coffin, for respondent Burkelman.

Leon Lewin, for respondent Kranz.

O'BRIEN, J. This action was brought to determine the rights of various parties to money due under a contract made and entered into on June 24, 1897, between David F. Gibbs and the city of New York, through the board of education, for the building of a school house. The total amount of the contract was $124,164, of which there has been paid $93,600, leaving in the hands of the comptroller the sum of $30,564, which is the subject of this controversy. The contractor testified that the claim of the Eleventh Ward Bank was for money borrowed to use for pay rolls and to pay bills; that he (the contractor) was obliged to borrow some money to carry on the business, and money was used to the extent of $7,500—which was the consideration named in the assignment to the bank—in carrying on the work; that the money was obtained from the bank at different times, but the full amount of $7,500 had been advanced when the assignment was executed; that at that date there was due on the contract more than $7,500 in addition to sufficient money to pay the prior liens which had been filed against the fund. In other words, it clearly appears that the assignment executed to the bank was for a good and valuable consideration, and that, when made, there was owing by the city on the contract sufficient to pay the $7,500, in addition to enough to pay the prior lienors.

The main question presented on this appeal is as to the priority of the claim of the Eleventh Ward Bank over subsequent lienors,—whether the assignment by the contractor, Gibbs, to the bank of a part of the fund due or to grow due is postponed in time of payment to liens subsequently filed. The subsidiary questions relate to the validity of the liens, exception being taken to some of them on the

ground that they were improper in form, or were not filed in the proper offices; and under these objections is presented the question as to whether liens against a fund arising out of a public improvement are regulated by the general lien law or by the provisions of the consolidated act relating to liens against the city. Upon the main questions the conclusion reached by the court below, based upon the cases in the court of appeals of Merchants' & Traders' Nat. Bank v. City of New York, 97 N. Y. 355, and Bank v. Winant, 123 N. Y. 265, 25 N. E. 262, was that the assignment was not to be treated as of the date of filing, but the assignee's rights to participate in the fund should be postponed to all the liens, including those that were subsequently filed. The correctness of that decision is before us for consideration. As stated by Judge Gray in the case of Bates v. Bank, 157 N. Y. 322, at page 328, 51 N. E. 1034: "These cases related to contracts made by the city of New York in 1875 and 1876." It will be seen from that opinion that the general rule applicable to lienors was inapplicable to city contracts in 1875 and 1876, for the reason that, there being then no lien law relating to contracts with the city, they were controlled by the terms of an ordinance passed by the board of aldermen, and by the provisions of the contract pursuant to the ordinance between the contractor and the city. These Bank Cases referred to and relied upon are no longer controlling, for the reason that the conditions have changed. The ordinance was superseded by the lien law of 1878 (Laws 1878, c. 315), which was re-enacted and re-embodied in the consolidation act, passed in 1882 (Consol. Act 1882, §§ 1824–1838). The rights of the parties are consequently to be determined under the consolidation act and the terms of the present contract with the city, unless the consolidation act, in turn, has been modified or repealed by subsequent legislation.

Although there were some minor amendments, extending the scope or declaratory of the intention of the consolidation act, none of them needs consideration till we come to the general lien law of 1897 (Laws 1897, c. 418), which is a general statute upon the subject of mechanics' liens, and to chapter 419 of the Laws of 1897, amending the Code of Civil Procedure, both of which went into effect on September 1, 1897. This act of 1897 has a provision (Laws 1897, c. 418, § 5) relating to liens under contracts for public improvements, which, at first blush, might be regarded as affecting the consolidation act. When, however, we appeal to that rule of construction that a special and local statute providing for a particular case or class of cases is not repealed by subsequent statute, general in its form, provisions, and applications, unless the intent to repeal or alter is manifest, although the terms of the general act are broad enough to indicate cases embraced in the general law (McKenna v. Edmundstone, 91 N. Y. 231), it becomes evident that the consolidation act was not repealed, for we fail to find in the general act any intent to supersede its provisions. This view is strengthened by the act passed in 1899 (Laws 1899, c. 195), which expressly repeals the sections of the consolidation act and acts amendatory thereof (relating to mechanics' liens on account of public improvements in the city of New York), which expresses the legislative construction that those sections of the

-consolidation act were not repealed or affected by the act of 1897. The rights of the parties here, therefore, having accrued while the consolidation act was in full force and effect, are to be determined by its provisions and the terms of the contract with the city under consideration. By referring to them, but without setting them forth at length, it will be noticed that the ordinance and the contracts affecting the city work prior to 1878 and the provisions of the consolidation act and of the contract here·in question are radically different, and we must conclude, therefore, as did the court in the case of Bates v. Bank, 157 N. Y. 322, 51 N. E. 1033, that the Bank Cases, supra, are not applicable.

The consolidation act provides for the filing of a lien, and there is nothing in its terms which would prevent the contractor from assigning any portion of the moneys due or to grow due thereunder to one to whom he is indebted, or who, on the faith of the contract, advances money. Nor is there any good reason, in the absence of an ·express inhibition, why the contractor, who may have proceeded in part with his work, and who is prevented from going ahead by lack ·of funds, should not have the right to obtain money by way of loan, which may be used for the benefit of the work, and pledge the moneys due and to grow due under the contract by means of an assignment for the repayment thereof. We can see no distinction between the rights of a contractor who does work for the city, in this respect, and one who enters into a private contract. There is nothing in the consolidation act, any more than in the general lien law, which expressly gives a preference to a lien over an assignment. If one does work, or advances money to aid the work, there is nothing in the law to compel him to file a lien in preference to taking an assignment. There are many decisions which, following the case of Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270,· recognize in contracts made between private parties the right of a contractor to make an assignment, and the priority of such an assignment over liens subsequently filed. See Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229; Beardsley v. Cook, 143 N. Y. 143, 38 N. E. 109. These cases uphold the rule enunciated in Lauer v. Dunn, supra, which is well summarized in Bates v. Bank, supra, as follows:

"In the absence of anything to the contrary in the contract, and before any notice is filed, the contractor may assign to his creditor, in payment of his ·debt, the whole or any portion of the moneys due or to become due under the contract, and the assignee acquires a preference over a subsequent lienor."

That this rule is equally applicable to contracts made with a municipal corporation is supported by the case of Hackett v. Campbell, 10 App. Div. 523, 42 N. Y. Supp. 47, affirmed in 159 N. Y. 537, 53 N. E. 1125, without opinion. There the question involved a provision ·of a contract between the board of education of the city of Yonkers and a contractor to the effect that no assignment of any portion of the amount due upon the contract should be made without the consent first had in writing of the committee of the board of education. During the progress of the work, numerous assignments having been made by the contractor, and paid, this was deemed to constitute a

waiver of the provision and the consent; and it was accordingly held that, as the provision was one intended solely for the benefit of the board, and as its sole function was to prevent a claim from being asserted against the city without its consent, in that particular case, the provision having been waived, an order, which was received and entered in the book, operated as an assignment pro tanto of the fund due to the contractor, and was entitled to be paid before a lien subsequently filed by subcontractors who furnished merchandise and material to the contractor. While the precise question that we are considering was not directly passed upon, yet the case referred to is an authority favorable to the appellant, because it was therein assumed to be the rule that there is no distinction existing between a private and a public contract as to preference of an assignment and a lien. There being, therefore, no prohibition in law unless it is found in the terms of the contract, there is no good reason furnished why the assignment here should not take effect as of its date. In the contract with the city there is a provision that the contractor will not permit liens, attachments, or other incumbrances to remain on the property. In Lauer v. Dunn, supra, where there was a provision that, "in case any lien or liens shall exist upon the property at the time or times when any payment is to be made," etc., it was held that the provision was for the protection of the owner simply, just as in the present contract the provision is for the purpose of protecting the city. A similar construction was given to provisions in city contracts in Hackett v. Campbell, supra, and Fortunato v. Patten, supra. The city is not concerned with the persons who shall get the moneys due under the contract, but it is concerned with the right of the contractor to demand his money, or with persons claiming under him demanding the fund, while there are others who insist upon urging claims against the city. Were it not for the provision of the contract, the city might be subjected to multifarious suits, and to vexatious and damaging litigation, which are avoided by removing the right of the contractor to demand money while liens or claims against the fund of which it has notice exist. Hence it is provided that the city or the contractor may commence a suit in which all the others shall be made parties, and in which the rights of all may be determined. Consol. Act 1882, §§ 1829, 1830. It will be noticed that the clause of the contract refers not only to mechanics' liens, but also has reference to attachments or other incumbrances, which, while they exist, preclude the contractor from demanding payment, and thus it fully protects the city. We find, therefore, neither in the consolidation act nor in the contract anything which limits the right of a contractor to make an assignment which shall take precedence over liens subsequently filed, and our conclusion is that the assignment to the Eleventh Ward Bank, based, as it was, upon a good consideration, and notice of it having been filed with the comptroller, took precedence in payment over subsequent liens.

This determination renders it unnecessary to discuss any of the other questions urged by the appellant as to the invalidity of the subsequent liens, for the reason that the bank, the appellant here, is not concerned with them.

Upon the trial no serious contest was made, except by the bank, as to the validity of any of the liens, and all the parties on that subject should have a day in court. This requires us, rather than determine these questions here, to order a new trial, with costs to the bank, payable out of the fund, to abide the event.

Judgment reversed, and new trial ordered; costs to appellant, payable out of the fund, to abide event.

VAN BRUNT, P. J., and RUMSEY and PATTERSON, JJ., concur.

INGRAHAM, J. I am unable to concur in the reversal of this judgment. The assignment under which the appellant claims was executed by one David F. Gibbs, and grants, assigns, and conveys "unto the Eleventh Ward Bank, New York City, $7,500 of the moneys due and to become due for and on contract No. 77 of 1897, made and entered into by and between the board of education of the city of New York, and through its committee, on buildings, and myself as principal, and Thos. Bailey and Geo. A. Haggerty as sureties, on June 24th, 1897, for erecting an annex building to Grammar School No. 2; * * * to have and to hold the same unto the said the Eleventh Ward Bank, N. Y., its successors and assigns, forever, to and for the use of said Eleventh Ward Bank." This assignment was dated October 29, 1898. It does not appear that there was then any money due to the assignor under his contract with the city, and this assignment was, therefore, simply a transfer of $7,500 of the money that the assignor, as contractor, would be entitled at a future time to receive from the city under the contract. The assignor created the Eleventh Ward Bank his attorney to receive from the city the sum of $7,500 when that sum became due to the contractor from the city, and simply transferred to the assignee the right of the assignor to receive that sum of money out of the moneys which the city subsequently became under a legal obligation to pay to him. No specific payment is assigned. The assignee was substituted for the assignor in his right to obtain from the city this sum of money under the contract; and this right was subject to all of the obligations or liabilities of the assignor created prior to that time, either by transfers or agreements of his own, or by operation of law, which would tend to affect the obligation of the city to pay to him any sum of money upon the completion of his contract. If the assignment had been a transfer of all the money which was to grow due to the contractor upon the final completion of his contract, it does not seem to me that such an assignment would result in a transfer of the money when it should become due, so as to render inoperative the statute passed for the protection of mechanics and laborers who had furnished labor or material for the completion of a contract of a municipal corporation; and the assignment of the portion of the money which became due could have no greater effect.

I do not concur with Mr. Justice O'BRIEN in his conclusion that the provisions of the general lien law of 1897 are not applicable to the city of New York. The provisions of the act are sufficiently broad to include that city, and there is nothing in the act that would show

that it was intended to make it inapplicable to any city where there was a special statute upon the subject. If the provisions of the general lien law are broader than the provisions of the consolidation act, there is no reason why both acts should not apply, and certainly none that would justify the court in refusing to apply the provisions of the general lien law to municipal contracts made by the city of New York because at the same time there were special provisions relating to said city in the consolidation act. If necessary, the provisions of both statutes could be enforced without any confusion or inconsistency; but it does not seem to me that this is material, as, under the provisions of the consolidation act in force at the time this transfer was made and the payment became due, the lien of a person who had performed labor or furnished materials towards the performance or completion of a contract made with the city was superior to that of the contractor, or any person to whom the contractor had, by a general-assignment, transferred his claim or the right to receive the money to be paid by the city upon the completion of the contract. By the provisions of section 1824 of the consolidation act (Laws 1882, c. 410) it is provided that "any person or persons who shall * * * perform any labor or furnish any material toward the performance or completion of any contract made with the city, on complying with the next section, shall have a lien for the value of such labor or materials or either, upon the moneys in the control of the city, due to or to grow due under said contract with said city to the full value of such claim or demand." The lien thus given is upon the moneys in the control of the city due to or to grow due under the contract with said city. It seems to me that the legislature intended to protect those who have furnished labor and materials for the completion of the contract against any disposition by the contractor of the moneys due or to grow due from the city, so that the contractor could not, by assignment or transfer of the money to grow due, prevent those who have furnished the labor and materials for the building from receiving payment out of the moneys realized by the work which they had enabled the contractor to perform. To hold that a transfer by the contractor of the moneys which became due to him under the contract would be superior to liens filed by those who had furnished the labor and materials to perform the contract, would open a ready way of evading the statute, and rendering nugatory the protection which it was clearly the intention of the legislature to give to those supplying the contractor with the labor and materials necessary for him to complete his work. This construction is emphasized by section 1828 of the consolidation act, which provides that the lien "shall attach from the time of filing thereof to the extent of the liability of the contractor for the claims preferred upon any funds which may be due or to grow due to the said contractor from the city, under the contract against which the lien is filed." There can be no doubt that this money claimed by the appellant was money due to the contractor from the city under the contract. By the assignment under which the appellant claims, the contractor had assigned to it his right to receive a certain portion of the money which was to become due to him under the contract; but it was only as his

transferee that the appellant was entitled to any money from the city. This sum of money, therefore, was money due to the contractor when the lien was filed, and the mere fact of his transferring to the appellant the right to receive a portion of the money due to him does not, under the statute, prevent a person who has furnished labor and materials used in completing the contract from obtaining a lien upon the moneys due to the contractor. It seems to me that this construction of the statute is sustained by the case of Mechanics' & Traders' Nat. Bank v. City of New York, 97 N. Y. 362. That was under an ordinance of the common council which provided that:

"In all contracts for work done by or for the corporation, the head of the department having charge thereof shall cause to be inserted a provision that the payment of the last installment due in pursuance thereof shall be retained until such head of department shall have satisfactory evidence that all persons who have done work or furnished materials under any such contract, and who may have given written notice to such head of department any time within ten days after the completion of said work, that any balance for such work or materials is still due and unpaid, have been fully paid or secured such balance. And if any person so having done work or furnished materials and given such notice as aforesaid shall furnish satisfactory evidence to the department that money is due to him by the contractor under such contract, such head of department shall retain such last installment, or such portion thereof as may be necessary, until such liability shall be discharged or secured."

In considering this ordinance, the court say:

"We think the purpose of the ordinance was to secure to persons furnishing labor and materials to contractors with the city some of the advantages which the lien laws of the state give to mechanics and material men, and this result was sought to be accomplished by making the city a trustee of the unpaid balance due upon the contracts with it for the benefit of such persons. * * * The ordinance, and the clauses inserted in the contract in pursuance thereof, were intended for the benefit of the laborers and material men dealing with the contractor, and they should not be so construed as to make them illusory, misleading, and nugatory."

This same ordinance was again before the court in the case of Bank v. Winant, 123 N. Y. 266, 25 N. E. 263, where the court say:

"But here we have a case where the plaintiff appears to have advanced moneys to the contractor to perform a contract undertaken by him, and to have taken as its security for repayment an assignment of the moneys which were or might become due by virtue of the contract. As I understand the import of such language, it is that the assignee should be entitled to be paid whatever moneys and whenever the contractor could legally demand to be paid by the city under the contract. So that, unless the city could legally refuse to pay a claimant under the contractor, the plaintiff is not in any position to object to the payment. Its whole concern is that it recovers the net amount which is earned by the performance of the contract. As to claims against the contractor by those employed in the work under him, I do not see why the city is not authorized to pay any such of which it has notice."

It certainly seems to me that by the provisions of the consolidation act and the mechanic's lien law, before cited, the legislature sought to accomplish just what the common council did in passing the ordinance referred to in the cases just cited; and to hold that a contractor, by simply transferring to another the moneys which are to grow due under the contract, could make such assignment superior to the right of those to whom the statute gives a lien for the labor or materials actually furnished in completing the contract, would be

to render the protection which the statute intended to give nugatory. The subsequent case of Bates v. Bank, 157 N. Y. 328, 51 N. E. 1033, does not, it seems to me, at all affect the cases before cited. That case related entirely to a contract between private individuals, and it was held that the provisions of that contract were solely for the benefit of the parties to it, and would not be extended so as to protect material men not parties. I think, therefore, the judgment should be affirmed. But, even assuming the position taken by Mr. Justice O'BRIEN to be correct, the appellant makes no objection to the four liens which were filed prior to the date of the filing of the assignment to the appellant, and there is no reason why these lienors should be kept out of their money. As to them, certainly the judgment should be affirmed.