## ROCHESTER ROPES, Inc., v. SCHERL et al.

### No. 324.

Circuit Court of Appeals, Second Circuit.

July 10, 1941.

Harry J. Macklis, of Jamaica, N. Y., for appellant.

Allan D. Emil, of New York City (George Kossoy and Sidney O. Raphael, both of New York City, of counsel), for Trustee in Bankruptcy.

Arthur J. Homans, of New York City, for Park Avenue Woodworking Co., Inc., appellee.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

SWAN, Circuit Judge.

Peerless Elevator Company was adjudicated bankrupt upon an involuntary petition filed on September 14, 1939. Its receiver in bankruptcy passed on to the trustee a fund of $2,045 paid into court by Beechwood Construction Company as the balance due under a contract with the bankrupt for the installation of two elevators. To this fund several claimants asserted rights under assignments from the bankrupt. Earliest in date of execution was an assignment to Rochester Ropes, Inc. As between successive assignees of the same chose in action priority in point of time establishes priority of right, under the New York law, without regard to the date of notification to the debtor. Fortunato v. Patten, 147 N.Y. 277, 41 N.E. 572; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 197, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867. But for reasons hereafter to be stated the referee in bankruptcy to whom the several claims had been referred, disallowed the claim of Rochester Ropes, Inc.; and the referee's order was confirmed by the district court. This is the order before us for review.

The appellant had had business dealings with the bankrupt for a number of years. On March 16, 1938 they made a written agreement pursuant to which the bankrupt was to assign accounts receivable to the appellant as security for past due indebtedness and for new indebtedness to be incurred by future dealings. The agreement provided that the assigned accounts were to remain at all times at a total of not less than $2,000, "and as old accounts are paid off they are to be replaced by new accounts receivable within two (2) days after the old ones are paid off." It was further provided that any money, check or commercial paper received by the assignor in payment of an assigned account should be accepted "as the property of" the assignee, and its receipt immediately reported; and the assignor agreed "to account therefor" to the assignee within two days after the receipt thereof. Pursuant to this agreement accounts were assigned to the appellant on March 16, 1938 and numerous substitutions of accounts were made thereafter, including the assignment, under date of February 20, 1939, of the Beechwood account in suit. The above quoted terms of the agreement of March 16, 1938 were disre-

garded by the bankrupt almost from the start. Checks received by it in payment of assigned accounts were deposited in its own bank account and used for its own purposes without notification to the assignee and without assigning other accounts in substitution for the accounts paid, unless and until the assignee should discover the dereliction and demand the substitution, as it did on numerous occasions. Between November 21, 1938, and February 21, 1939, no substitutions were made, although during this period the bankrupt collected more than $1,200 on the assigned accounts. This provoked a strong letter of protest from the appellant in which it was stated that in the future the assignor's customers would be notified of assignment of the accounts. Nevertheless notice to Beechwood was not given until three months after the account was assigned. The referee concluded that Rochester Ropes in spite of its protests condoned and acquiesced in bankrupt's violation of its contract. Accordingly he held the assignment in suit invalid under the rule established in Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991.

The appellant protests not only that the referee's finding of its acquiescence is unsupportable on the record but also that mere acquiescence of the assignee is insufficient in law to render the assignment invalid—that "reservation of dominion must be established by an actual agreement." This court so stated in Brown v. Leo, 2 Cir., 12 F.2d 350, 351 and Lee v. State Bank & Trust Co., 2 Cir., 38 F.2d 45, 47; see Glenn, Fraudulent Conveyances and Preferences, Vol. 2, p. 1007. Whether the evidence would justify a finding of actual consent on the part of the appellant to the bankrupt having untrammeled control over the assigned accounts is a matter not free from difficulty and one not necessary to decision in our view of the case.

■ A second ground upon which the referee rested decision was a finding that the assignment to appellant of $1100 out of the Beechwood account was not a general assignment but an assignment of $1,100 out of a particular instalment payment which formed no part of the fund possessed by the trustee in bankruptcy, that fund representing the final amount due under the contract. The bankrupt's contract with Beechwood was for the installation of two elevators and called for payment of $8,800 "payable pro-rata per elevator; twenty-five per cent. on erection of guide rails, twenty-five per cent. on delivery of machine, twenty-five per cent. on delivery of elevator platform or material for platform, fifteen per cent. upon the running of elevator, and the remaining ten per cent. upon completion." The assignment upon which the appellant bases its claim was endorsed upon an invoice reading as follows:

"Sold to Beechwood Construction Corp.
c/o Minkin & Oaias, 191 Joralemon St.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
S. E. corner Beech St. & Prospect Ave.
To payment due on erection of elevator platform at above address  $1100.00

$1100.00
Assigned to Rochester Ropes, Inc.
as per agreement dated March 16, 1938
                  Peerless Elevator Co. Inc.
                      Nathan Ruby, Pres.
                           2/21/39"

Prior to the date of this assignment Beechwood had made payments to Peerless aggregating $4,500, partly in cash and partly in notes. This was slightly more than 50 per cent. of the price. The next instalment would be due "on delivery of elevator platform." Although the assignment does not use the identical phrase, we cannot doubt that "payment due on erection of platform" meant the same thing and was intended to refer to the instalment next due. In contending that this language in the assignment should not be construed as referring to the third instalment of the contract price, the appellant stresses the fact that Beechwood and the bankrupt did not follow the contract provisions as to the manner and time of payment. This fact does not seem particularly significant. At the time the assignment was executed the appellant's president was shown the Beechwood contract and if he was informed, as would seem probable, that $4,500 had already been paid, he would naturally expect the sum assigned to his company to be paid out of the instalment next to become due. Furthermore, though Beechwood had not insisted in the past on strict observance of the contract provisions as to payment in stages, it could still insist upon them as to future payments. Consequently, the contract cannot be deemed so far departed from by usage as

to negative the plain import of the words used in the assignment. If the intention had been to assign $1,100 out of any money thereafter to become due under the contract, there was no point in referring to the "payment due on erection of elevator platform." We think it clear that the assignment did refer to the third stage payment. Subsequent payments to the bankrupt during March, 1939, more than exhausted that instalment. Consequently the fund held by the trustee included none of the debt assigned to the appellant, and the order must be affirmed.