# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 77
Herman Brettler, &c.,
  Appellant,
  v.
Allianz Life Insurance Company of
North America,
  Respondent.

David Benhaim, for appellant.
Aaron Van Oort, for respondent.
Life Insurance Council of New York, Inc. et al., amici curiae.

HALLIGAN, J.:

The United States Court of Appeals for the Second Circuit has asked us to determine

whether, where a life insurance policy provides that "assignment will be effective upon

Notice" in writing to the insurer, the failure to provide such written notice voids the

- 1 -

assignment so that the purported assignee does not have contractual standing to bring a claim under the Policy (57 F4th 57, 65–66 [2d Cir 2022]).  To the extent the question could be understood to present only two mutually exclusive answers—that the assignment is void in its entirety, including as between the assignee and assignor, or else the assignment is valid as between the assignee and assignor and the assignee has authority under the contract to sue the insurer—we reformulate the question as follows:

> Where a life insurance policy provides that 'assignment will be effective upon notice' in writing to the insurer, does the failure to provide such written notice deprive the purported assignee of contractual standing to bring a claim under the Policy against the insurer?

> We answer the reformulated question in the affirmative.

I.

In 2008, Allianz issued an $8,000,000 life insurance policy ("Zupnick Policy") on the life of Dora Zupnick to the Zupnick Family Trust ("Trust").  Under the policy, the owner is "solely entitled to exercise all rights of this policy until the death of the insured."  The policy also contains a provision ("Notice Provision") specifying that an owner may assign the policy, subject to one condition:

> "You may assign or transfer all or specific ownership rights of this policy. *An assignment will be effective upon Notice.*  We will record your assignment.  We will not be responsible for its validity or effect, nor will we be liable for actions taken on payments made before we receive and record the assignment" (emphasis added).

The contract defines "Notice" as "[o]ur receipt of a satisfactory written request."

In 2012, the Trust sold the Zupnick Policy to Miryem Muschel and notified Allianz in writing of the assignment.  In 2013, Allianz put the Zupnick Policy in lapse for

nonpayment; the Trust had attempted to pay but was unsuccessful due to bank error, which the bank acknowledged to both the Trust and Allianz. Three years later, Muschel transferred the Zupnick Policy back to the Trust, as memorialized in an agreement between Muschel and the Trust ("Purchase Agreement"). Neither Muschel nor the Trust notified Allianz of the Zupnick Policy's second assignment. Brettler, as Trustee, then sued Allianz seeking a declaratory judgment that the Zupnick Policy remained "in full force and effect." The complaint alleged that there were no premium payments outstanding when Allianz declared the Zupnick Policy lapsed, that Allianz had failed in its obligation to "give notice to the Trust when the Policy was in danger of lapsing" and to do so in a timely manner, and that Allianz's final pre-lapse notification demanded a miscalculated premium and identified an incorrect due date. Accordingly, the Trust contended, Allianz had not met its obligations under the Zupnick Policy or applicable law, and therefore the lapse notice was void and the Zupnick Policy remained in effect. The complaint identified the Trust as the owner of the policy and did not mention Muschel, who is not a party to this case.[1]

The district court granted Allianz's motion to dismiss on the grounds that the Trust lacked contractual standing to sue because Allianz did not receive notice of Muschel's assignment of the Zupnick Policy back to the Trust. On appeal, the Second Circuit remanded the case back to the district court. After the district court rejected Allianz's

---

[1] The Trust's counsel stated at argument that Muschel could have given notice prior to the Trust's commencement of the suit, or herself sued to enforce the terms of the policy in the event of any breach by Allianz. Alternatively, the Trust could have dismissed the case and refiled the action after notice of the transfer was provided to Allianz.

alternative arguments for dismissal, the Second Circuit certified the following question to

this Court:

> "Where a life insurance policy provides that 'assignment will be effective upon Notice' in writing to the insurer, does the failure to provide such written notice void the assignment so that the purported assignee does not have contractual standing to bring a claim under the Policy?" (57 F4th at 65–66).

II.

We must first determine whether the Notice Provision is an anti-assignment clause.

Under New York law, such clauses are subject to a special interpretative rule:  If an anti-

assignment clause includes "clear language" and the "plainest words" stating that an

assignment made in contravention of the original contract is void, then the clause operates

to destroy any purported assignments (*Allhusen v Caristo Const. Corp.*, 303 NY 446, 452

[1952], citing *State Bank v Cent. Mercantile Bank of New York*, 248 NY 428, 435 [1928]).

If an anti-assignment clause does not include such language, the assignment is valid, and

the clause is read instead as a personal covenant not to assign that "justifies only an award

of damages" against the assignor for breach (*Citibank, N.A. v Tele/Res., Inc.*, 724 F2d 266,

268 [2d Cir 1983]; *see also Allhusen*, 303 NY at 450).

We conclude that the Notice Provision is not an anti-assignment clause but rather a

notice requirement.  As noted by the Second Circuit, the Notice Provision does not restrict

the policy owner's power to assign, Allianz does not take any position on the validity of

assignments between third parties, and Allianz does not retain any discretion to impede or

refuse assignments (*see* 57 F4th at 63).  The assignment process is unilateral: The owner

of the Zupnick Policy may single-handedly bind Allianz to an assignment by providing notice at any time.

In contrast, an anti-assignment clause prohibits unilateral assignments either by voiding the assignment entirely or by encumbering it by requiring the non-assigning party to approve or consent to any assignment of the contract (*see Allhusen*, 303 NY at 449 [contract providing assignments "without the written consent of the first party . . . shall be void" could void assignments]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 400 [1957] [contract requiring prior written consent before assignment and stating that the paying party "shall not be required to recognize any assignments" could void assignments]; *Citibank*, 724 F2d at 268 [assignment valid but gave rise to damages where contract "could not be waived or altered without the written consent of the bank"]; *Belge v Aetna Cas. & Sur. Co.*, 39 AD2d 295, 296, 297–298 [1972] [same where contract required "written consent of the Seller" for assignments]; *University Mews Assocs. v Jeanmarie*, 122 Misc 2d 434, 436–437 [Sup Ct 1983] [same where assignment dependent on lessor "approval"]; *see also* 29 Williston on Contracts § 74:22: Effect of contract provision prohibiting assignment [4th ed] [surveying anti-assignment cases]).

The Trust points to *Reliable Loan & Inv. Co. v Delgus Co.*, 223 App Div 94 (1st Dept 1928), but there are several key differences between this case and *Reliable Loan*: The notice requirement there covered only the first assignment of the contract, not the subsequent assignment at issue in the litigation, and the court held that the buyer had waived its right to complain of unnoticed assignments by acquiescing to two prior unnoticed assignments.  Moreover, *Reliable Loan* appears to assume the plaintiff had

authority under the terms of the contract to bring a lawsuit without directly addressing the point.

Given that the Notice Provision imposes a requirement that the policy owner can satisfy unilaterally, we conclude it is simply a condition that must be met before an assignment binds Allianz, not an anti-assignment provision (*accord Jakobovits v Allianz Life Ins. Co. of N. Am.*, No. 15 Civ. 9977, 2017 WL 3049538, at \*4 [SDNY July 18, 2017] [hereinafter *Jakobovits I*]) (considering an identical clause and concluding that it is "not an anti-assignment provision at all").[2]  That result is consistent with the policy rationale behind New York's anti-assignment canon.  Clauses that require consent for assignment give one party to a contract significant control over whether the other party may dispose of any rights under the contract and therefore implicate concerns regarding alienation of property (*see Allhusen*, 303 NY at 451–452 [anti-assignment rules balance the freedom of contract with prevention of the inadvertent alienation of property rights]; *State Bank*, 248 NY at 435).  But Allianz retains no control over whether or to whom the Zupnick Policy is assigned by the owner; nor does the owner of the trust require any action from Allianz to effectuate an assignment that binds Allianz.

---

[2] *Jakobovits v PHL Variable Ins. Co.*, No. 17 Civ. 3527, 2018 WL 2291311, at \*4 (EDNY May 18, 2018), analyzed the same clause and concluded it *was* an anti-assignment clause, explicitly disagreeing with the Southern District in *Jakobovits I.*  In our view, that decision conflated contractual standing with Article III standing in concluding that if the assignment was not void, the assignee's "ownership interest" nonetheless conferred standing (*id.* at \*4).  Even if the assignment was valid, it could still be insufficient to give rise to a cause of action under the contract as against Allianz (*see Fortunato v Patten*, 147 NY 277, 281 [1895]).

Turning to the meaning of the Notice Provision, the most natural reading is that Muschel cannot transfer any rights as against Allianz—which she holds solely by virtue of her contract with Allianz—without notice but may do so unilaterally with notice. An examination of the Provision's language explains why (*see J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 37 NY3d 552, 561 [2021], *rearg denied* 37 NY3d 1228 [2022] [insurance contracts are "subject to the general rules of contract interpretation" and "enforced as written" absent a public policy violation]). First, the Provision states that the owner "may assign or transfer all or specific ownership rights of this policy," which renders ownership rights freely assignable in whole or in part. Second, it provides that "[a]n assignment will be effective upon Notice," which makes notice a prerequisite to transfer of ownership rights as against Allianz and shields Allianz from owing contractual obligations to a party of which it is unaware. Third, the Provision states that "[w]e will record your assignment," which confirms Allianz has no discretion to refuse an assignment. Fourth, the Provision notes that "[w]e will not be responsible for its validity or effect," which indicates Allianz takes no position on the legal effect of any agreement between the policy owner and a third-party assignee. Finally, the Provision states "nor will we be liable for actions taken on payments made before we receive and record the assignment," which confirms Allianz will not be bound by unnoticed assignments or liable for actions inconsistent with third-party agreements of which Allianz is unaware, such as payment to the record owner even after they assigned the policy. Thus, absent notice, Allianz is not bound by Muschel's assignment to the Trust, and therefore the Trust cannot enforce any of the contractual rights of the policyholder against Allianz (*see Fortunato v Patten*, 147 NY 277, 281, 283 [1895]

[with respect to assignment of rights under a contract with New York City that required consent for assignments to bind the city, noting that while unconsented assignments were not void, an assignee could not assert a claim against the city without obtaining the city's consent]).

The Trust's complaint illustrates the practical import of this clause: It sued Allianz for alleged breaches in Allianz's purported obligation to send the Trust notice of a potential lapse that was timely, included an accurate calculation of the premium due, and correctly identified the due date for payment. Under the policy's terms, these rights relevant to a policy's lapse are held by the policy owner, and the Notice Provision stipulates that all ownership rights may be transferred only upon notice. It would make little sense to read the Notice Provision as nonetheless permitting the Trust to enforce any of the substantive rights under the policy against Allianz. Indeed, reading the provision as the Trust proposes would transform a provision intended to protect the insurer into a backdoor that effectively confers third party standing to sue the insurer. The Second Circuit noted that this case presents no issue of third party standing (*see* 57 F4th at 62), and neither party has suggested otherwise.

Finally, we note that it does not follow from this analysis that the Purchase Agreement between Muschel and the Trust is void, or that the Trust has no rights against Muschel (*see Fortunato*, 147 NY at 281, 283–284 [unnoticed assignment itself not void, but assignee without enforcement rights against original contracting party]). Although our reformulation of the certified question focuses on whether the Notice Provision deprives

the Trust of contractual standing to sue Allianz, the Notice Provision does not affect the validity of the Purchase Agreement between Muschel and the Trust.

Accordingly, we conclude that the Trust lacks authority under the contract to sue Allianz in this case. The certified question, as reformulated, should be answered in the affirmative.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and record submitted, certified question, as reformulated, answered in the affirmative. Opinion by Judge Halligan. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Troutman concur.

Decided November 20, 2023