(10 App. Div. 523.)

### HACKETT et al. v. CAMPBELL et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

1. EQUITABLE ASSIGNMENT — ORDER GIVEN BY BUILDING CONTRACTOR — CONSTRUCTION OF CONTRACT.

　　A provision in a contract to erect a school building for a city, that no assignment of any sum due the contractor should be made without the written consent of the building committee, is for the benefit of the city alone, and does not prevent an order given by the contractor to a subcontractor for money to become due him, which was filed with the board, from operating as an equitable assignment as against other subcontractors.

2. SAME—IMPLIED CONSENT TO ASSIGNMENT.

　　In such case the receipt by the board of orders given by the contractor to subcontractors, their entry in a book kept for the purpose, and the payment of a number of them in the order of their filing from money becoming due under the contract, is equivalent to a consent to such assignments; and an order so entered without objection, and retained by the board, operates as an equitable assignment pro tanto of the payment against which it is drawn.

Appeal from special term, Westchester county.

Action by Robert Hackett and Frank Hackett, William F. Lawrence and James V. Lawrence, and Robert Kallock and James Kallock, against John C. Campbell, Jr., the board of education of the

city of Yonkers, Henry C. Fischer and others, to enforce mechanics' liens. From part of the judgment giving a preference to the claim of defendant Fischer, plaintiffs William F. and James V. Lawrence appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William C. Prime, for appellants.

John M. Ward, for respondent.

BROWN, P. J. The board of education of the city of Yonkers entered into a contract with John C. Campbell and others for the erection of a schoolhouse, whereby Campbell agreed to furnish the materials for and do all the mason work thereon, for which he was to receive a total payment of $18,775. He also had three other smaller contracts with said board for certain other work. The court found that after deducting all payments there was due to Campbell in full for all his contracts the sum of $7,719. Three separate actions were brought by certain subcontractors to foreclose mechanics' liens filed against said property, which actions were, by an order of this court, consolidated, and upon the trial the judgment was rendered from which this appeal has been taken.

The appellants William F. Lawrence and James V. Lawrence, between December 1, 1894, and August 15, 1895, sold and delivered to Campbell materials and merchandise, which were used by him in the performance of his contract, amounting to the sum of $3,094.62, for which, on August 16, 1895, they duly filed a mechanic's lien. The respondent in this appeal, Henry C. Fischer, during the erection of the said schoolhouse, sold and delivered to Campbell certain iron work therefor, and on July 30th said Campbell, in payment therefor, delivered to Fischer an order, of which the following is a copy:

"July 30, 1895.

"To the Trustees of Public School No. 10, Yonkers City, New York—Gentlemen: You will please pay to Henry C. Fischer such sums as may become due under the iron contract for public school No. 10 (at Prospect and Clinton streets), subject to the order of the architect, Mr. B. Silliman, and charge same to my account with said school.

"Yours, very truly,          J. C. Campbell, Jr."

This order was, on August 2d, delivered to the board of education, and on the following day Fischer notified the said board, by letter, that his contract with Campbell was for $2,350, on which there had been paid to him $400, and on the trial the actual amount due to him was duly established. On August 6th said Campbell gave to the appellants an order on said board for $2,500, payable out of any money due or to become due to him under his said contracts. The contract between Campbell and the board of education contained the following provision: "Nor shall any assignment of any portion of the amount due on this contract be made without the consent first had in writing of said committee," meaning thereby the committee on construction of the said board of education. In addition to the order given to the appellants, on August 6th said Campbell gave to them, in payment for materials, seven other orders on said board,

all of which were prior to the date of Fischer's order, and also gave to Mr. Frank T. Holder a similar order for $2,500. These orders, as received, were entered in a book kept for that purpose, by the clerk of the board, and of those given to the appellants six were paid. The trial court held that these orders operated as equitable assignments of so much of the fund payable to Campbell under his contract, and gave priority to Fischer's order over the lien filed by the appellants Lawrence, and directed payment to him by the said board of the amount due him for iron work, to wit, $1,515. From so much of the judgment as directs such payment to Fischer, the said William F. and James V. Lawrence have appealed to this court.

The appeal is based upon the provision of the contract quoted, the appellants' contention being that it forbids any assignment of moneys earned under the contract, and effectually prevents the respondent's order from operating as an equitable assignment. To sustain their contention the appellants cite Burck v. Taylor, 152 U. S. 634, 14 Sup. Ct. 696. We think the rule there applied has no application to the case before us. In Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572, the court of appeals of this state decided that a similar provision in a contract with the city of New York was inserted solely for the benefit of the city, and that its sole function was to prevent any claim being asserted against the city in the absence of its consent. The court there distinguished between a provision forbidding the assignment of money due under a contract and one forbidding the assignment of the contract itself. The case of Burck v. Taylor, supra, was of the latter character. The case before us was of the first. The provision in the contract with Campbell was that no portion of the amount due on the contract should be assigned without the consent of the committee of the board of education, and the case cannot be distinguished in this respect from that of Fortunato v. Patten. But we are of the opinion that the testimony in the record before us permits the conclusion that the board of education consented to the order to Fischer. There were, as I have stated, a number of orders given by Campbell upon the board, payable out of the moneys that should be due to him under the contract. All of these orders, as they were received, were entered in a book kept for that purpose by the board, which showed the date and the amount of each order, and to whom payable. Six of the orders given to the appellants were paid, and this course of dealing with these orders permitted the conclusion that, when entered in the book, they were accepted by the board. Such was the course taken with respect to the order given to Fischer. It was deposited with the clerk of the board by Fischer, and never returned to him, and we think a conclusion was permitted, from the testimony, that assent to the order was given by the board. Such being the fact, Fischer's order operated as an assignment pro tanto of the fund due to Campbell, and was entitled to priority of payment over the appellants' lien.

The judgment must therefore be affirmed, with costs, to be paid by the appellants. All concur.