ROBERT S. HALL, Respondent, _v._ THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and THE WESTERN NATIONAL BANK OF THE CITY OF NEW YORK, Appellants, Impleaded with MARTIN D. WALSH and Others, Respondents, and Others, Defendants.

_Assignment by a contractor of money earned under the contract — it has priority over liens subsequently filed — effect of a failure to serve a notice of appeal upon some of the parties over whom a priority of right is claimed, but was not given by the trial court — the statutory time to appeal cannot be extended — effect of an order allowing a notice of appeal to be filed_ nunc pro tunc.

Moneys earned or to become due under a contract may be assigned, and, in the absence of fraud or anything to the contrary contained in the contract, the assignee acquires a good title to such money and subsequent lienors can reach only the interest remaining in the contractor.

Where, pursuant to the terms of a building contract, the owner issues to the contractor each month a certificate for eighty-five per cent of the value of the work done by him during the month, an assignee of such certificates obtains, as against subsequent lienors, a good title to the moneys represented thereby, and the refusal of the owner to pay such certificates confers no additional rights upon the subsequent lienors.

In an action to foreclose a mechanic's lien a judgment was entered erroneously determining that a claim which was entitled to priority over all the other claims was ninth in order of preference. The holder of such claim took an

appeal from the judgment, but neglected to perfect it as to certain of the parties who had been erroneously given priority.

*Held,* that the court could not reverse or modify the judgment without depriving the parties, as to whom the appeal had not been perfected, of their legal rights, or without impairing those of the other parties;

That, consequently, the court would apply the rule that when one of two innocent parties must suffer the one responsible for the situation must bear the loss, and would affirm the judgment;

That the fact that all the parties to the action were before the court, on an appeal duly perfected by the owner of the premises, did not give the court jurisdiction to reverse the judgment as between the parties interested in the question as to the priority of the various claims.

The time fixed by statute for taking an appeal from a judgment cannot be extended by the court.

An order made under section 1303 of the Code of Civil Procedure, authorizing service of a notice of appeal upon the clerk of the court *nunc pro tunc,* does not render the appeal effective as to parties who have not been served with the notice of appeal within the time fixed by statute.

APPEAL by the defendants, The City of New York and others, from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Kings on the 13th day of August, 1901, upon the report of a referee establishing the validity and priority of certain liens and claims filed against the city of New York. Also an appeal by the defendant, The Western National Bank of the City of New York, from the above-mentioned judgment, except those portions thereof awarding judgment against the other appellants and that portion dismissing certain liens and claims.

*James McKeen* [*David Joyce* with him on the brief], for the appellant, The City of New York.

*John Quinn,* for the appellant, The Western National Bank of the City of New York.

*Frederick P. Bellamy,* for the respondent Hall.

*Robert H. Wilson,* for the respondent Yellow Pine Company.

*John T. Sackett,* for the respondent Otto E. Reimer Company.

*Clarence Edwards,* for the respondent Card.

*Theodore S. Rumney, Jr.,* for the respondents Dannat & Pell.

WOODWARD, J.:

There is very little controversy over the material facts in this case, and were it not for certain defects in the matter of the appeal of the Western National Bank, there would be very little trouble in adjusting this controversy in harmony with well-established principles of law.   On the 1st of November, 1897, one Martin D. Walsh entered into a written contract with the board of education of Union Free School District No. 1, of the town of Newtown, to erect a school building at Newtown, Queens county, for the sum of $47,803. This contract provided, among other things, that eighty-five per cent of the value of the work completed by the first of each month should be paid during the week following, " provided that application shall be made in writing by the contractor, together with an accurate schedule of the materials furnished and work done since the last preceding payment," provided that in case of each payment the architects grant a certificate " specifying that the work has been done by the contractor in conformity with the terms of this contract, and according to the said plans and specifications, and is so far progressed as to entitle the contractor to the payment then to be made." The town of Newtown became a part of Greater New York under the provisions of chapter 378 of the Laws of 1897, and up to that time the board of education of Union Free School District No. 1, of the town of Newtown had paid upon this contract $17,202.25. Thereafter certificates, which are in no wise impeached, were issued as follows: No. 508, March 10, 1898, $4,000, paid July 15, 1898; No. 512, April 7, 1898, $3,000, paid July 15, 1898; No. 517, May 23, 1898, $1,500, unpaid; No. 523, June 8, 1898, $4,200, unpaid; No. 534, July 6, 1898, $5,000, paid December 15, 1898; No. 547, August 3, $4,000, paid December 15, 1898.   It appears, therefore, that on August 3, 1898, Walsh and those claiming under him had been given certificates under the provisions of the contract, aggregating $38,902.25, which with the addition of $7,865.11, which was the fifteen per cent which was to be reserved until the completion of the building, brought the total value of the work and materials furnished in the execution of this contract up to $46,767.36, or within $1,035.64 of the full contract price of the building.   The city of New York, it will thus be seen, was and still is in default in the payment of a portion of these monthly sums, and the contractor,

on or about the 15th of December, 1898, was obliged to abandon the work. The learned referee, to whom the matter was sent for trial and determination, has found, and we believe correctly, that the city of New York owes upon this contract the sum of $13,565.11; and the principal controversy involved is as to the priority of various mechanics' liens which were filed during the latter part of the year 1898, as well as the claim of the Western National Bank.

The evidence shows that the defendant the Western National Bank, on the 15th day of June, 1898, took certificates Nos. 517 and 523 for $1,500 and $4,200, respectively, as collateral security for loans of equal amount, and that these certificates have never been paid, although two certificates subsequently made, for $5,000 and $4,000, respectively, have been honored and paid. Subsequent to the loans, the Western National Bank took assignments of these certificates, and it is not questioned that at the time of taking assignments of such certificates there were no mechanics' liens filed. Indeed, one of the conditions of the contract was that prior to the making of any of the payments, for which these certificates were issued, the contractor was to furnish a certificate of the county clerk to the effect that no liens had been filed against the premises, and these certificates were furnished by the contractor on receiving each of the certificates, and it was not until the twenty-first day of November, some three months after the assignment of the certificates to the Western National Bank, that any liens were filed. The bank had, in the case of each of the certificates, demanded payment immediately after the same came into its possession, and renewed this demand after taking the formal assignment of the same; and there can be no reasonable doubt, under the terms and the spirit of the contract with Walsh, that the bank became entitled to the money which was represented by these certificates, and might have maintained an action to recover the same against the city. The fact that the city did not pay them could give no rights to subsequent lienors. The rule is well settled that moneys earned, or to become due under a contract, may be assigned, and that the assignee takes a good title, in the absence of fraud, or anything to the contrary in the contract, to the amount so assigned, and subsequent lienors can reach only the interest remaining in the contractor. (*Bates* v. *Salt Springs National Bank*, 157 N. Y. 322, 327, and authorities there cited.)

In the cited case, speaking of the authorities cited, it is said : " The principle to be extracted from the cases is that a lienor obtains no greater right to the moneys payable by the owner than the contractor has, and if the latter has assigned to a creditor, *pro tanto*, the assignee gains a preference over subsequent liens." We are clearly of the opinion, therefore, that the Western National Bank having come into the ownership of these certificates, which the city of New York, as the successor of the school district, had undertaken to pay within one week from the granting of the same, was entitled to a preference in the disposition of the fund found to be due from the defendant, the City of New York.

But here we are confronted with a difficulty. The learned referee has given a decision, which has resulted in a judgment, holding that the mechanics' lienors, ranging in dates from November 21, 1898, to March 20, 1899, are entitled to preference over the Western National Bank, and it is conceded that " no notice of appeal on behalf of the defendant Western National Bank was within thirty days after the service of the said judgment and notice of entry served either upon or received by the clerk of the court, or served upon or received by the plaintiff or his attorney, or by the defendants, Charles J. Zufall, William W. Yaeger, Charles A. Bogardus, or by their respective attorneys ; and the defendant the Western National Bank has not taken or perfected any appeal from that part of the judgment entered in favor of the plaintiff, Robert S. Hall, and the defendants Zufall, Yaeger and Bogardus." There has been a consolidation of two actions into the one now before us, and the judgment rendered is practically a series of separate judgments foreclosing a number of mechanic's liens, and if we could determine the questions as between the remaining parties, who are properly before the court, without working injustice to those who have interests involved, it would undoubtedly be the duty of this court to modify the judgment in accordance with the law, but we are unable to discover any method by which this result can be accomplished. The plaintiff filed his lien on the 14th day of December, 1898, for $2,830. On the same day Dannat and another filed a claim for $1,917.21, and under the statute (Laws of 1897, chap. 418, § 24, added by Laws of 1898, chap. 169) these two liens would have precedence over anything subsequently filed. On the

21st day of November, 1898, the Yellow Pine Company filed a lien for $718.75, and on the 3d day of December, 1898, defendant Shuldiner filed his lien for $700. These claims are, under the statute, entitled to preference over that of the plaintiff, and the learned referee in his report holds the claimants, aside from the small claims for wages represented by Zufall, Yaeger and Bogardus, to be entitled to preference in the following order: the Yellow Pine Company, second; David Shuldiner, third; Dannat & Pell, fourth; the plaintiff, Robert S. Hall, fifth; Charles Zeisniss, sixth; Otto E. Reimer Company, seventh; William C. Card, eighth, and the Western National Bank, ninth. No valid appeal having been perfected as against the plaintiff and the three laborers, if we should now modify the judgment as between the parties who are now before the court, it would have the effect of permitting the Western National Bank, which has not perfected its appeal as stated, to permit the plaintiff, whose lien was filed on the 14th day of December, 1898, a preference over those whose liens were prior in point of time, and who are, under the statute and the judgment, entitled to preference over him; and if the Western National Bank should be placed at the head of the preferential list, as constituted after the plaintiff's judgment has been permitted to become absolute, it would operate to deprive the others of their rights. The fund available for the payment of claims is $13,565.11. The claim of the Western National Bank, with interest, amounts to $6,753.07; the judgment of the plaintiff is for $3,484.15, which, with the small preferred labor claims, brings the amount up to $10,436.40. This leaves $3,128.71 of the fund, while the liens which were concededly filed prior to those of the plaintiff, and for which judgment has been entered, aggregate $4,797.02, so that to give the Western National Bank the priority to which it would have been entitled upon this appeal, if it had been perfected as to the plaintiff and others, would be to deprive the defendants Dannat & Pell, who are prior to the plaintiff, of substantially all of their claim, which would be fully paid under the lawful priority to which they are entitled. It will thus be seen that this court is in no position to modify the judgment in accordance with the law, as this would be to deprive parties of their rights under the statute, and it is equally clear that to reverse the judgment, under the circumstances, would

accomplish practically the same result. It cannot be reversed as to the plaintiff and the defendants who were not served with notice of the appeal, and as a new trial could only result in depriving some of the defendants of their rights, after a costly litigation, this seems to be a proper place for the application of the rule that where one of two innocent parties must suffer, the one who is responsible for the situation must bear the loss. (*Timpson* v. *Allen*, 149 N. Y. 513, 520, and authorities there cited.)

The defendant the Western National Bank evidently realizes the difficulty with its position, for it puts forward a supplemental brief, in which it seeks to modify the force of the stipulated fact that the plaintiff was not served with notice of the appeal. It is urged that all of the parties are before the court on the appeal of the city of New York, and points out that the defendant the Western National Bank was only one day late in its effort to serve notice upon the plaintiff's attorney. We are of the opinion, however, that the fact that the city of New York perfected an appeal does not give jurisdiction to reverse the judgment as between the defendant the Western National Bank and the plaintiff and other defendants interested in the question of priority, and the rule is well settled that the time for taking an appeal cannot be enlarged when it is statutory. (Coll. Bank. [3d ed.] 250, citing *Wood* v. *Bailey*, 21 Wall. 640; 2 Ency. of Pl. & Pr. 240, and authorities cited in notes; *Clapp* v. *Hawley*, 97 N. Y. 610, 613.) Section 1303 of the Code of Civil Procedure provides that "where the appellant, seasonably and in good faith, serves the notice of appeal, either upon the clerk or upon the adverse party, or his attorney, but omits, through mistake, inadvertence or excusable neglect, to serve it upon the other, or to do any other act, necessary to perfect the appeal, or to stay the execution of the judgment or order appealed from, the court, in or to which the appeal is taken, upon proof, by affidavit, of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires," but there is no authority for this unless the notice of appeal has been served upon one or the other of the necessary parties, the clerk of the court or the adverse party. It is admitted that, in so far as the plaintiff and the three minor defendants are concerned, the notice had neither been served upon them nor upon the clerk of the court,

so that the only effect of the order to serve upon the clerk of the court *nunc pro tunc* was to perfect the appeal as to the remaining parties who had been previously served with the notice. We find no case in which it is suggested that such an order gives jurisdiction of parties who have not been served within the time fixed by the statute. This is the doctrine of *West* v. *Place* (80 Hun, 255), and we find no authority to the contrary. As the plaintiff and other defendants were necessary parties to the adjustment of the controversy in accord with the principles of law, we reach the conclusion that the defendant Western National Bank having failed to bring in all of the parties, it cannot prevail upon this appeal, though clearly entitled to the preference claimed if this could be accomplished without doing injustice to others whose rights were involved in the action, and whose priorities would be defeated by either a modification or a reversal of the judgment. An affirmance of the judgment is, therefore, necessary to preserve the lawful rights of those who had liens prior to those of the plaintiff in this action.

The judgment appealed from should be affirmed.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Judgment affirmed, with costs.