reached any other determination upon the case than they did.

The defendant does not present to us any exception taken upon the trial, upon which error is predicated as warranting the reversal of the judgment of conviction. He appeals to our power to order a new trial, in the absence of any exceptions, upon the ground that a review of the record shows that justice demands it. We have reviewed the record. We are satisfied that the evidence well supported the verdict of the jury; that it abundantly established the guilt and the responsibility of the defendant and that his substantial rights have not been prejudicially affected. The power conferred upon this court in the review of capital cases is not called into exercise by the appearance of some error, which no exception pointed out and. which cannot be seen to have affected the substantial rights of the accused. The demands of justice have been satisfied in the trial which, has been had and, upon the whole case, we reach the conclusion that no sufficient grounds have been presented, and none exists, to justify a reversal of the judgment of conviction.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment of conviction affirmed.

---

ROBERT S. HALL, Respondent, *v.* THE CITY OF NEW YORK et al., Appellants, et al., Respondents.

APPEAL — MODIFICATION OF JUDGMENT. Where, in an action to foreclose a mechanic's lien, a judgment has been entered which does not give to a claim the priority over all the other claims to which it is entitled, but places it last in the order of payment, and the claimant appeals, perfecting his appeal as to some of the parties, but not as to the others, the judgment should be modified, where it can be done without doing injustice to any of the parties, by giving the claimant priority over those claimants against whom he perfected the appeal.

*Hall* v. *City of New York,* 79 App. Div. 102, modified.

(Argued October 19, 1903; decided October 27, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 30, 1903, affirming a judgment in favor of plaintiff and certain of defendants entered upon the report of a referee establishing the validity and priority of certain liens and claims filed against the city of New York.

*John Quinn* for the Western National Bank, appellant. The Appellate Division had the power and should have modified the judgment in accordance with the undoubted law of the case so as to give preference to the claim of the bank. (Code Civ. Pro. § 3401.)

*George L. Rives, Corporation Counsel* (*James McKeen* of counsel), for the city of New York, appellant.

*Frederick P. Bellamy* and *I. N. Sievwright* for plaintiff, respondent. It is admitted upon the record that no appeal to the Appellate Division was taken by the appellant, the Western National Bank, against the plaintiff or his judgment herein. It follows, therefore, that the portions of the judgment herein which established the validity and priority of plaintiff's lien and judgment over the claim and assignment of the appellant, the Western National Bank, is *res adjudicata*, and binding and conclusive against the said appellant, and cannot be affected by this appeal. (*West* v. *Place*, 80 Hun, 255; *Hiscock* v. *Phelps*, 2 Lans. 106.) The appellant, the Western National Bank, having failed within the proper time to serve its notice of appeal to the Appellate Division either upon the clerk of the court, or the "adverse party," within the meaning of section 1300 of the Code, its appeal is ineffectual for any purpose and must be dismissed. (*West* v. *Place*, 80 Hun, 255; *Hiscock* v. *Phelps*, 2 Lans. 106; *Cotes* v. *Carroll*, 28 How. Pr. 436.) The attempt of the appellant, the Western National Bank, to use the appeal of the city to attack in this court plaintiff's judgment, which it has not appealed from, must fail. (*Wait* v. *Van Allen*, 22 N. Y.

321; *Clapp* v. *Hawley*, 97 N. Y. 613; *Murdock* v. *Jones*, 3 App. Div. 223; *Stanton* v. *Gohler*, 19 Misc. Rep. 383.)

*Theodore S. Rumney, Jr.*, for David J. Dannat et al., respondents. This court has no power to modify the judgment so as to give the Western National Bank a preference over the respondents Dannat and Pell. (*West* v. *Place*, 80 Hun, 255; *Cotes* v. *Carroll*, 28 How. Pr. 436; *Hiscock* v. *Phelps*, 2 Lans. 106.)

*Clarence Edwards* for William C. Card, respondent. This court will not assume original jurisdiction by changing the order of precedence. (*Benedict* v. *Arnoux*, 154 N. Y. 715.)

*John T. Sackett* for Otto E. Reimer Company, respondent. The failure of the defendant Western National Bank to perfect its appeal as to the plaintiff and some of the defendants requires that the appeal of the bank be dismissed. (*West* v. *Place*, 80 Hun, 255.)

*Robert H. Wilson* for Yellow Pine Company, respondent.

*James F. Quigley* for Christian Zieseniss, respondent.

*Per Curiam.* The only questions which this court deems it necessary to consider arise upon the appeal of the Western National Bank. As to all the other questions involved we concur in the conclusions of the court below. If the bank had properly appealed to that court, and served its notice of appeal upon all the parties, it is obvious that the error of the referee in subordinating its claim to those of the parties who had filed mechanics' liens would have been corrected. But by reason of its negligence in that respect the learned Appellate Division was required to hold that it could not, in justice to the other parties, either reverse the judgment entered upon the referee's report, or modify it by giving to the claim of the bank the full preference to which it was justly and legally entitled. This conclusion was based upon the fact

that the judgment was final and binding upon the bank, which had not appealed as to the plaintiff. The court below were of the opinion that if it could modify the judgment by determining the questions between the remaining parties who were before the court without working injustice to those whose interests were involved, it would be its duty to modify it in accordance with the law. In that it was obviously right. It was, however, of the opinion that that could not be done either in whole or in part. We think otherwise, and that the judgment can be modified in part without injustice to any of the parties. The defendants Zufall, Yaeger and Bogardus, although not served with a notice of the bank's appeal, were preferred lienors and their claims were entitled to preference over the claims of all the other lienors and were, therefore, superior to those of any of the other parties including the bank who did not appeal as to them. Consequently, the allowance of the bank's claim would not have affected them, as the fund was entirely sufficient to pay the amount of their liens as well as the claim of the bank. Under the judgment, from which no appeal was taken, the plaintiff's claim was also superior to that of the bank. Moreover, the plaintiff's claim could not be made superior to those of the Yellow Pine Company, Shuldiner or Dannat & Pell without working injustice to them, and, hence, the court was right in refusing to modify the judgment so far as it would affect their claims. But as the claims of Zieseniss, Reimer Company and Card were subsequent to that of the plaintiff, so that they would not be affected by the failure of the bank to appeal as against the plaintiff, and as the bank appealed as to them, we are of the opinion that the court below should have modified the judgment by placing the bank's claim in the order of payment immediately after the plaintiff's, and that the payment of the claim of the bank should have been given preference over their claims. Hence, we conclude that the judgment should have been modified by the court below so as to provide for the payment of the various claimants in the following order: Zufall, Yaeger, Bogardus, Yellow Pine

Company, Shuldiner, Dannat & Pell, Robert S. Hall, Western National Bank, Zieseniss, Reimer Company, Card.

It follows that the judgment should be modified in accordance with these views, and as thus modified affirmed, with costs to all the parties, to be paid by the city of New York.

Parker, Ch. J., Gray, Haight, Martin, Vann, Cullen and Werner, JJ., concur.

Judgment accordingly.