In re WRIGHT.

(District Court, W. D. New York. February 23, 1907.)

BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—FUTURE COMMISSIONS OF LIFE INSURANCE AGENT.

Where a bankrupt, at the time of his adjudication, was agent for a life insurance company, under a contract which provided for payment to him of commissions on first year and renewal premiums received by the company on policies secured by him, which commissions were to accrue only as such premiums were paid to the company in cash, his interest in the commissions on renewal premiums to become due after the bankruptcy on policies previously obtained by him, which commissions he had practically earned, is property which he might have transferred without the company's consent, and which passed to his trustee, under Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451].

In Bankruptcy. On review of a decision of a referee.

The bankrupt at the time of his adjudication was acting as an agent for the Union Central Life Insurance Company, under a contract which provided, among other things, for the payment to him of a commission upon first year and renewal premiums received by such company on policies of insurance produced by said agent, which commissions were to accrue only as premiums or premium notes were paid to the company in cash.

Charles P. Norton, for moving creditor.

John A. Van Arsdale, for bankrupt.

George P. Keating, trustee, in pro. per.

HAZEL, District Judge. This is a review of the decision of Referee, Hotchkiss, and the question certified is:

"Whether the interest of the bankrupt in the commissions on renewal premiums accrued since the bankruptcy, pursuant to the terms of the contract between him and such life insurance company, was property which, at the time of such bankruptcy, he could by any means have transferred without the consent of such company, or which might have been levied upon and sold under judicial process against him, also without such consent."

The referee decided that the contract between the bankrupt and the Union Central Life Insurance Company involved trust and confidence, that it was nonassignable without the consent of the insurance company, that it was executory in its character, and when considered in its entirety was nondivisible between first-year premiums and renewal premiums, and hence the commissions specified in the contract were not property, within the purview of section 70 of the bankrupt act. Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]. I must withhold my assent to the principal conclusions reached by the referee. That the contract in question is declaratory of the relations of personal confidence between the bankrupt and the insurance company is undoubted, and that a contract which involves the capacity of either or both of the parties to perform the conditions imposed cannot be assigned is well settled. Arkansas Smelting Co. v. Belden Co., 127 U. S. 379, 8 Sup. Ct. 1308, 32 L. Ed. 246.

The vital question in this case, however, depends upon another principle, to wit, whether the bankrupt, Wright, can assign his commissions

on renewal premiums to accrue annually in the future or the right to compel the insurance company to pay the same when they accrue. Concededly, if the commissions in question are assignable by the bankrupt, or are subject to levy and sale pursuant to judgment and execution against him, they constitute "property," as that term is legally defined, and the trustee in bankruptcy is vested by operation of law with the title of the bankrupt. That payment of the commissions, according to the terms of the contract, depended upon the future payment of renewal premiums by policy holders, and in a sense were contingent, is not thought of material importance. Evidence was given to show that customarily about 75 per cent. of the renewal premiums were paid. Hence, notwithstanding the element of contingency, the amount of the commissions to become due is determinable with reasonable certainty. I am unable to conceive upon what basis the confidential character of the contract will be destroyed, if the commissions on renewal premiums were set aside for the benefit of the general creditors, or when payable should be turned over to the trustee instead of to the bankrupt. The contract of employment, as I view it, will be destroyed only in case the bankrupt fails to faithfully discharge his duties or violates a material covenant contained therein. Perhaps it may be conceded that it is easily within the power of the bankrupt to terminate the contract; but neither an assignment to a third person of the commissions earned by him from time to time, nor the order of the court enjoining their payment by the insurance company, will operate to terminate the contract ipso facto.

Stress is laid upon the continuous service feature of the agreement. But the mere mailing of notices and collecting of renewal premiums is not thought such important features as to require a decision that the contract of agency would be broken by the employment of a clerk or assistant to perform these services. Bodine v. Exchange Fire Insurance Co., 51 N. Y. 117, 10 Am. Rep. 566; Arff v. Star Fire Insurance Co., 125 N. Y. 57, 25 N. E. 1073, 10 L. R. A. 609, 21 Am. St. Rep. 721. Moreover, the contract between Wright and the insurance company expressly provides for the employment by the insurance company of a cashier in the office of the bankrupt, whose business it shall be to collect premiums. It would not, I think, be essential to the validity of an assignment by the bankrupt of commissions that the insurance company should consent thereto. Such a provision in the contract is usually inserted for the benefit of the insurance company, and simply prevents such a transference of the contract as would interfere with the personal relations established by it. Arkansas Smelting Co. v. Belden Co., supra; Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572. Compare Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940; Freedman's Sav. & Trust Co. v. Shepard, 127 U. S. 494, 8 Sup. Ct. 1250, 32 L. Ed. 163. There is a marked distinction between the assignment of a contract involving relations of confidence and trust and the assignment of money due or to become due under such a contract. Hackett v. Campbell, 10 App. Div. 523, 42 N. Y. Supp. 47. Under the terms of the agreement in controversy, the commissions did not accrue until the renewal premiums were actually paid; but, as the services in procuring the insurance have actually been performed by the agent, the liability of

the insurance company to pay such commissions became fixed and determined, and the insurance company is released from its obligation to pay the commissions only when the policy lapses, or the insured dies, or, as stated in the contract, when the renewal premiums or notes are unpaid. It is clearly apparent, from the record, that there exists a reasonable expectation that a substantial portion of the commissions specified in the contract will become due and payable. Such being the fact, the right to receive commissions for insurance procured by an agent is unquestionably assignable. Knevals v. Blauvelt, 82 Me. 458, 19 Atl. 818. It was urged also in that case that whether any commissions would be earned in the future was uncertain and contingent. The court, speaking of the right of the agent to assign such a contract, says:

"He assigns his contract as an entirety, under which moneys were then due and other moneys were reasonably expected to become due. His assignment was of the contract as well as of all dues under it. All that had accrued or would accrue attached to the contract. The contract itself was not contingent or uncertain, as it is under thousands of contracts, how much its earnings or profits would be. The contract or demand did not depend on a contingency, but whether an action would ever accrue on it or not might so depend. It was long ago adjudged in our jurisprudence that a contingent debt founded on an existing contract is assignable."

In re McAdam (D. C.) 98 Fed. 409, was a case somewhat similar in principle to this. There an attorney who had filed a petition in bankruptcy omitted to schedule certain contracts securing to him a fee upon recovery in an action brought by him. The referee held that the bankrupt's contingent interest as an attorney was nonassignable. The district court, reviewing the decision of the referee, pointed out that, though there was such doubt on the question as to render it impossible to hold the bankrupt to have "committed an offense," yet it was not wholly satisfied that the trustee might not be entitled to some pro rata part of any moneys realized in future on the bankrupt's contract. In the case at bar, the services were practically all performed upon procurement of the insurance. Subsequent services regarding the collection of renewal premiums, as stated, could have been performed by a clerk or assistant deputed for that purpose by the bankrupt.

If the contention of counsel for the bankrupt were to prevail, then the result would be, according to the reasonable inferences that may be drawn from the evidence, that in 10 years, which is the life of the contract, the bankrupt will have received, subject to failures to renew policies, upon the insurance procured by him prior to his adjudication in bankruptcy, approximately $45,554, or $4,555 annually. Under such a construction of the contract the income of a bankrupt derived from commissions earned before his adjudication would certainly be well protected by the law to the exclusion of his creditors. In my opinion the contract cannot be construed as claimed by counsel for the bankrupt. The commissions earned by the bankrupt prior to filing the petition in bankruptcy, even though some additional services were thereafter to be performed in relation thereto, were property which could be assigned without the consent of the insurance company, and, likewise without such consent, could have been levied upon and sold under proper judicial process against the bankrupt. Furthermore, the view that the par-

'ties to the contract recognized, that commissions were earned by the agent when the policies were taken out, finds support in the provisions contained in the contract which in effect provides for the·payment of such commissions in event of the death of the bankrupt, to the widow, ·or, if dead, to his legal representatives.

, For the reasons stated, such commissions or percentages were property that passed to the trustee in bankruptcy, and, upon the authority of In re Hurlburt, Hatch & Co., 135 Fed. 504, 68 C. C. A. 216, this court has power to compel the bankrupt to execute a transfer thereof to the trustee in bankruptcy for the benefit of his creditors.

The question certified by the referee is answered in the affirmative.