THE GLENS FALLS PORTLAND CEMENT COMPANY, Respondent, *v.* VAN WIRT CONSTRUCTION COMPANY and Others, Respondents, Impleaded with NATIONAL BANK OF GLENS FALLS, Appellant.*

Third Department, January 16, 1929.

*J. Edward Singleton* [*Charles B. Sullivan* of counsel], for the appellant National Bank of Glens Falls.

*Henry W. Williams*, for the respondents Glens Falls Portland Cement Company and another.

*Rogers & Sawyer* [*James Gibson, Jr.*, of counsel], for the respondents Queensbury Stone Co., Inc., and another.

*Joseph Murphy*, for the respondents Truscon Steel Company and others.

HINMAN, J. The action is to foreclose plaintiff's mechanic's lien upon funds due the contractor on completion of a State

*Modfg. 132 Misc. 95.

highway contract by the Van Wirt Construction Company. The work has been approved and the State now holds $16,712.91 due and payable to the contractor. In addition there is a sum of $11,659.16, and accrued interest, on deposit with the defendant, appellant, National Bank of Glens Falls. The latter sum represents sums received from the State on account of said contract and held by said bank in trust pursuant to an agreement between the bank, the plaintiff lienor and certain defendant lienors, preserving such priorities as they may be entitled to as lienors in all respects as though the moneys were held by the State. By a stipulation which has been filed with this court, it is now conceded by all parties in interest that the accrued interest on this deposit in the National Bank of Glens Falls was erroneously stated in the decision and judgment and should be corrected. It is stipulated that this accrued interest is $82.86, making the total amount of such deposit $11,742.02 instead of $12,154.67. It is agreed in such stipulation that this court may in any event modify said decision and judgment accordingly.

The real question on this appeal involves the validity of an assignment by the contractor to the appellant, the National Bank of Glens Falls, of the moneys due or to become due for labor and materials on this highway contract. The trial court has held that the assignment was invalid as against the plaintiff and other subsequent lienors because not filed within the time provided in section 16 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507, and Laws of 1925, chap. 624). That section provides that no such assignment shall be valid " unless such assignment * * * or a copy thereof, be filed within ten days after *the date of such assignment.*" The assignment in question bore upon its face the date of August 7, 1926. It was actually executed on that date in the corporate name of the contractor by its president, who signed his name as such president. It was not filed within ten days thereafter. On September 14, 1926, this same instrument, without change of the date recited therein, was acknowledged by the president of the corporation before a notary public to be the corporate act of the Van Wirt Construction Company. This was in addition to an acknowledgment which the notary had placed on the instrument on August seventh, purporting to be the individual acknowledgment of Van Wirt who was president of the corporation. Both acknowledgments were permitted to remain on the instrument and within ten days after September fourteenth the assignment was filed. The court below has found from a consideration of these and other facts that there was no intention to make a new assignment as of September fourteenth. As we

view the requirement of the statute, there is no need of reviewing any facts other than those above set forth. Section 16 of the Lien Law requires filing within ten days after " the *date* of such assignment." It is our interpretation of said section 16 of the Lien Law that the Legislature meant to refer to the date given in the written assignment itself. In *Bement* v. *Trenton Locomotive & Machine Mfg. Co.* (32 N. J. L. 513, 515) it is said: " The primary signification of the word *date*, is not time in the abstract, nor time taken absolutely, but, as its derivation plainly indicates, time *given* or specified, time in some way ascertained and fixed; this is the sense in which the word is commonly used. When we speak of the date of a deed, we do not mean the time when it was actually executed, but the time of its execution, as given or stated in the deed itself. The date of an item, or of a charge in a book account is not necessarily the time when the article charged was, in fact, furnished, but simply the time given or set down in the account, in connection with such charge. And so ' the date of the last work done, or materials furnished,' in such claim, in the absence of anything in the act indicating a different intention, must be taken to mean the time when such work was done or materials furnished, as specified in the plaintiffs' written claim." The foregoing from the opinion in *Bement* v. *Trenton Locomotive & Machine Mfg. Co.* (*supra*) is quoted with approval in *Mutual Life Insurance Co.* v. *Hurni Packing Co.* (263 U. S. 167, 174). Mr. Justice SUTHERLAND delivering the opinion of the United States Supreme Court in that case said: " The word ' date ' is used frequently to designate the actual time when an event takes place, but, as applied to written instruments, its primary signification is the time specified therein. Indeed this is the meaning which its derivation (*datus* — given) most naturally suggests." We think it was the intention of our Legislature in using the words " date of such assignment " in section 16 of the Lien Law to have the validity of the filing of the assignment readily ascertainable by reference to the date given in the instrument itself. The assignment in question here was signed and executed as a corporate act of August seventh and the instrument was dated August seventh. It was intended to be an assignment by the corporation because signed in the name of the corporation by Van Wirt as its president. On September fourteenth the instrument was not redated but simply reacknowledged, probably for the reason that certain sums (since repaid to the bank and not involved here) had been advanced to the contractor by the bank between August seventh and September fourteenth. We conclude that the assignment was properly adjudged void for failure to file the same within

the time provided in said section 16 of the Lien Law, and that the moneys held on deposit by the State and the bank were properly awarded to the plaintiff and the other subsequent lienors. This conclusion renders it unnecessary to consider other questions raised on this appeal, including the question as to whether the assignment was subordinate to the liens because it secured the payment of a $20,000 pre-existing indebtedness and not the repayment of moneys advanced in aid of the contract in question.

The decision and judgment should be modified in accordance with the stipulation so as to provide as follows: That the National Bank of Glens Falls pay to the plaintiff the sum of $11,742.02 instead of $12,154.67; that out of the balance in the possession of the State the plaintiff receive the sum of $4,511.70 instead of $4,099.05 and the respondent Truscon Steel Company receive the sum of $3,563.28 instead of $3,975.93, and that the said Truscon Steel Company recover of the Van Wirt Construction Company the sum of $527.34 instead of $114.69; and the judgment as so modified should be affirmed, with one bill of costs to the respondents filing briefs, payable by the appellant.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Decision and judgment modified in accordance with stipulation so as to provide as follows: That the National Bank of Glens Falls pay to the plaintiff the sum of $11,742.02 instead of $12,154.67; that out of the balance in the possession of the State the plaintiff receive the sum of $4,511.70 instead of $4,099.05, and the respondent Truscon Steel Company receive the sum of $3,563.28 instead of $3,975.93, and that the said Truscon Steel Company recover of the Van Wirt Construction Company the sum of $527.34 instead of $114.69; and the judgment as so modified is affirmed, with one bill of costs to the respondents filing briefs, payable by the appellant.