J. E. CARROLL SAND COMPANY, Respondent, v. EARL C. JONES, INC., and Others, Defendants, Impleaded with BELMONT LUMBER Co., INC., and Others, Respondents, and STATE BANK OF BOLIVAR and Others, Appellants.*

Fourth Department, November 19, 1930.

* Affd., 256 N. Y. 99.

*Thomas H. Dowd,* for the appellant State Bank of Bolivar.

*James P. Quigley* and *Earl C. Vedder,* for the appellants First National Bank of Olean and Salamanca Trust Company.

*William C. Carroll,* for the plaintiff, respondent.

*Thomas G. Fitzgerald* [*William C. Carroll* of counsel], for the respondent Cable Guide Railing Construction Co., Inc.

*Chester M. Bliss,* for the respondents Frank K. Parker and others.

EDGCOMB, J.   In the fall of 1927 the defendant Earl C. Jones, Inc., entered into a contract with the State of New York for the construction of the Friendship-Bolivar highway in the county of Allegany, for the sum of $376,412.21. Before the highway was completed, various laborers and materialmen filed liens against the moneys due and to become due said contractor. This action is brought by plaintiff to foreclose its lien. The other lienors are made parties defendant.

Being in need of financial assistance to carry out its contract, the Jones Company arranged to borrow from the defendants Salamanca Trust Company, First National Bank of Olean, and State Bank of Bolivar, a sum not exceeding twenty per cent of the contract price of said work. As continuing and collateral security for such loan, Earl C. Jones, Inc., executed and delivered to the State Bank of Bolivar an assignment of all moneys due and to become due for labor and material performed and furnished in connection with its contract for the construction of said highway. This assignment was made to the Bolivar Bank under an agreement between all the banks and the Jones Company that it should

be taken for the benefit of the three banks in proportion to the amount which each should loan to the borrower.

Between November 16, 1927, and June 14, 1928, the three banks advanced to the Jones Company $77,500, the major portion of which has never been repaid. The first lien filed against the moneys due said contractor by any of the parties to this action was on November 3, 1928, several months after the last loan was made by any of said banks.

The three banks alone have appealed. The only question to be determined here is whether said assignment takes precedence of the liens which have been filed, or whether the amount due these various lienors must first be paid out of the moneys coming to Earl C. Jones, Inc., on its contract, before the appellants are entitled to any part thereof. The court below has given preference to the lienors.

The answer to be given to the problem which we are called upon to solve depends entirely upon the construction given to section 16 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1925, chap. 624; since amd. by Laws of 1929, chap. 515, and Laws of 1930, chap. 859). That section reads as follows: " No assignment of a contract for the performance of labor or the furnishing of materials for a public improvement, or of the money, or any part thereof, due, or to become due, therefor, * * * shall be valid unless such assignment * * *, or a copy thereof, be filed within ten days after the date of such assignment of contract, or such assignment of money, * * *, with the head of the department or bureau having charge of such construction, and with the financial officer of the municipal corporation or other officer or person charged with the custody and disbursement of the corporate funds applicable to the contract for such public improvement * * *."

Were it not for this statute, there would be no question that appellants would acquire good title to the moneys earned and to become due under the Jones contract, and that subsequent lienors could only reach any interest remaining in the contractor. (*Hackett* v. *Campbell*, 10 App. Div. 523; affd., 159 N. Y. 537; *Hall* v. *City of New York*, 79 App. Div. 102; modified and as modified affirmed, 176 N. Y. 293.)

The assignment in question was drawn upon printed forms furnished by the State, the blank spaces being filled in on a typewriter. The date, " Nov. 7, 1927," was typed upon the paper at its upper right-hand corner. Earl C. Jones, the president of the corporation, and the officer who executed the instrument, did not receive the forms until November 9, 1927. On that day

he signed and executed the three copies, and acknowledged the same on behalf of the company before a notary public. The corporation executed no assignment of any moneys coming to it under its contract from the State before that date. The assignment was delivered to the bank November 16, 1927, and was filed in the office of the Comptroller of the State of New York on November seventeenth of the same year, and in the office of the State Commissioner of Highways on the following day.

Notwithstanding these facts, respondents assert that, inasmuch as the instrument was not filed within ten days after the date which appears upon its face, it is void as to all lienors, under the provisions of the statute above quoted. Appellants claim that the expression, " date of such assignment," as used in the statute, means the day when the contract between the parties became effective.

If we are to accept November 7, 1927, as the date of the assignment, the judgment must be affirmed, because the instrument was not filed in the office of the Highway Department within ten days thereafter. If, however, we take November ninth, the day the assignment was actually made and signed by the Jones Company, or November sixteenth, the day it was delivered, then it was filed in time, and is valid and effective.

An assignment of any property, right or interest does not take place until there is a valid agreement between the parties. I think that the word " assignment," as used in this section of the Lien Law, should be construed as referring to the act of transfer, and not to some date which has been put on the written document which evidences such act. Such a construction will give full protection to those who furnish labor and materials to the contractor. If such a one examines the records and finds no assignment, he is assured that within the preceding ten days no transfer has actually been made. If he finds an assignment filed more than ten days after it appears to have been dated, I do not think that he can blindly rely upon the face date, and proceed without reference to the actual facts.

It would be a harsh and austere rule, as well as an unnatural construction to put upon this statute, to assume that the Legislature intended to make an assignment of this character ineffective because it happened to be misdated. It is general knowledge that typographical errors are common with all typists. At the beginning of a new year instruments are frequently antedated. Can it be said that, if on the second day of January an assignment of moneys due on a contract is made, and inadvertently the instrument is dated the preceding year, and the assignment is properly

filed the day following its execution, the assignee is bound by the date which appears on the paper, and cannot show the real facts, and that the assignment is absolutely void as against subsequent lienors? Is one who examines the records, and finds an assignment filed more than ten days after the date upon the instrument, justified in assuming that the assignee is ignorant of the law, or is doing a futile thing? In such an instance, is it unreasonable to require the one who is about to furnish labor or material to the contractor to make an investigation to ascertain the facts in regard to the assignment?

If respondents' theory is correct, and the date written upon an assignment cannot be disputed, it opens the door not only to grave injustice in many instances, but to an easy method of circumventing the statute.

One who examined the assignment in suit would have discovered that it was not acknowledged until November 9, 1927, two days after it was dated. That fact would naturally put him on inquiry as to whether the instrument was not actually executed on that day.

On July 1, 1874, a statute relating to personal property took effect in Massachusetts that no mortgage should be valid against any one other than the parties thereto, unless it was recorded within fifteen days after its date, or unless the property mortgaged was delivered to and retained by the mortgagee. In *Shaughnessey* v. *Lewis* (130 Mass. 355) and *Orcutt* v. *Moore* (134 id. 48, 52) it was held that the date contained in the *testimonium* clause of a mortgage of personal property was not conclusive, and that parol evidence was admissible to show the actual facts as to when the instrument was executed.

While, undoubtedly, the date on the instrument would be presumptive evidence that it was executed on that day, it would not be conclusive, and the burden of showing that it was actually made at a different time would be on the one asserting that fact.

We are referred by respondents, as a controlling precedent in their favor, to the case of *Glens Falls Portland Cement Co.* v. *Van Wirt Construction Co.* (225 App. Div. 159). The question in that case was whether a certain assignment of moneys due or to become due for labor and materials on a contract for a public improvement was valid as against lienors, because it was not filed within ten days from its date. Upon its face the instrument bore the date of August 7, 1926, and was in fact actually signed, executed and acknowledged by the president of the corporation individually on that day. On September fourteenth following, without any change

of date being recited in the assignment itself, it was acknowledged by the president of the corporation to be the corporate act of the assignor. Money was actually loaned the assignor on September 4, 1926. Copies of the assignment were not filed until within ten days after September fourteenth. The instrument was not required to be acknowledged, and the corporate acknowledgment on September fourteenth added nothing to its execution. Concededly, the assignment was not filed within ten days of the date when it was executed, nor from the time the money was loaned to the assignor. While there are expressions in the opinion of Judge HINMAN which may give some color to respondents' claim, all that the court actually decided was that, under the facts as above outlined, the assignment was void because it was not filed within ten days from its date. That fact was apparent.

Respondents urge that, at best, the instrument in question has the effect of assigning to the State Bank of Bolivar only such moneys as will repay it for advances which it made to the Jones Company, and is not effective to secure the loans made by the other two appellants. Such claim is based upon the fact that the agreement, which provided that all payments made by the State were for the equal benefit of all who contributed to the loan to said contractor, and should be used to pay the several banks advancing money in proportion to the amount loaned by each, was never filed. That was not necessary. Section 16 of the Lien Law requires only the filing of the assignment. This was done. (*Paine* v. *City of New York*, 190 App. Div. 681; affd., 231 N. Y. 539.)

The total amount due Earl C. Jones, Inc., on its contract was found to be $63,703.75. The amount due appellants on their loans exceeds that amount. That sum, after the payment of the costs awarded by the court below, should be paid to appellants, rather than to the lienors, and the judgment should be modified accordingly.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment modified on the law in accordance with the opinion and as modified affirmed, with one bill of costs to the appellants. Certain findings of fact and conclusions of law disapproved and reversed on the law and new findings and conclusions made.